IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICTORIA L. FLOREA<br><br>Plaintiff<br><br>vs<br><br>NICOLE B. BOCRA; BOCRA HOLDINGS, LLC, d/b/a Infinity Investigative Solutions; TERRY L. GILBEAU; CHECKMATE INVESTIGATIVE SERVICES, INC.; ARCH INSURANCE GROUP INC.; FIRST MERCURY INSURANCE COMPANY, d/b/a First Mercury Emerald Insurance Services, Inc., d/b/a First Mercury Financial Corporation; JOHN DOES; FIRST MERCURY EMERALD INSURANCE SERVICES & FIRST MERCURY FINANCIAL CORP.<br><br>Defendants | CIVIL 12-1642CCC |

**OPINION AND ORDER**

Before the Court are two Motions to Dismiss, the first (**docket entry 7**) filed by defendants Terry Gilbeau ("Gilbeau") and Checkmate Investigative Services, Inc. ("CIS"), which was joined by their insurer, Arch Insurance Company (docket entry 32); and the second (**docket entry 14**) filed by defendants Nicole Bocra and Infinity Investigative Solutions, a/k/a Bocra Holdings ("Bocra"). Plaintiff opposed the motions (docket entries 15 and 22) and defendants CIS and Gilbeau replied (docket entry 29). The grounds raised for dismissal is lack of personal jurisdiction and lack of jurisdictional amount.

The facts giving rise to the complaint in this diversity action are as follows: plaintiff Victoria Florea, domiciled in Massachusetts, believed that her ex-husband Francis Driscoll was hiding funds in Puerto Rico and St. John, Virgin Islands, part of which she was allegedly entitled to according to the terms of her divorce agreement. Therefore, she engaged the services of the Virginia-based Bocra and her corporation to carry out a search of Puerto Rico banks to locate signatory cards for which accounts in Puerto Rico were held by Driscoll. To facilitate the signatory search, Bocra, with Florea's knowledge, worked closely with

CIVIL 12-1642CCC                                    2

Gilbeau and his company, which were licensed to work as a private detective in California and Florida.

The result of defendants' efforts was a report with information supporting the existence of eight (8) accounts purportedly owned by Driscoll at the Banco Popular de Puerto Rico and/or Westernbank.  Florea alleges that, based on the existence of these so-called hidden assets, she filed lawsuits against Banco Popular and Driscoll to recover those monies allegedly due to her.

Florea contends that, during the litigation of the suits, it came to light that the account information provided to her by defendants was false, having been fabricated by defendants, or other intermediaries hired by them.  Plaintiff claims damages for the fees and expenses paid to the defendants, attorney's fees and expenses incurred in the lawsuit against the bank and her ex-husband, as well as emotional and other damages pursuant to Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141.

**Personal Jurisdiction**

Defendants all raise their stateside domiciles and lack of connections to Puerto Rico. They contend that they never personally had ties to or worked in Puerto Rico and that, if the information passed on to them though intermediaries was false and fabricated and no accounts in Driscoll's name ever existed, this is further proof of their lack of a relationship to this jurisdiction.

We go no further to analyze the law and jurisprudence argued by defendants in support of their positions because it is clearly trumped by the documents provided to support their having submitted to our jurisdiction:

CheckMate Investigative Services Inc./ Terry Gilbeau, CFE's letter to Bocra dated December 26, 2007 (docket entry 15-1) clearly states that it contains "[t]he results of these

CIVIL 12-1642CCC                               3

inquiries . . ." **being Bocra's "recent request to conduct foreign bank searches"** with regard to Driscoll's accounts in Puerto Rico and St. John, Virgin Islands.  Id., at p. 1.

Docket entry 15-1 at p. 6, is an email from Bocra to Florea, dated February 11, 2009, in which Bocra states ". . . I will call you after I speak with her."  In another email dated April 6, 2009, at p. 7, from Bocra to Florea, Bocra states, "Terry sent me the following email: Indicating that hey (sic) **spoke with the 'woman'** on Wednesday, and . . . some terrific document that will solve our whole case is at their fingertips . . . ."  (Our emphasis).

Given that both defendants Bocra and Gilbeau agreed to provide to plaintiff Florea investigative services in a matter that necessarily had to be carried out in Puerto Rico, defendants knew at the time they agreed to provide their services to plaintiff, that either they or their agents would have to search for the relevant information in Puerto Rico banks.  All evidence of the information gathered, and witnesses who will testify about the content of the reports provided to plaintiff, are located in Puerto Rico.  In sum, defendants having agreed to take up an investigation into the existence of bank accounts and assets believed to be hidden in Puerto Rico and having actually carried out such search and rendered services in Puerto Rico for plaintiff, they cannot now claim a lack of minimum ties to this jurisdiction.

With regard to movants' contention that plaintiff's suit fails to meet the jurisdictional amount, the Court finds this issue to be entirely meritless.

Accordingly, the Motions to Dismiss (**docket entries 7 and 14**) are DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on September 5, 2013.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge